# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 07-303-02 |
| | ) | |
| FRANKLIN THOMPSON, | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 11th day of September, 2015, upon consideration of the motion for reconsideration filed by Franklin Thompson ("defendant") (ECF No. 1109), IT IS HEREBY ORDERED that the motion is DENIED, for the following reasons.

As an initial matter, this court lacks jurisdiction to consider defendant's motion. Defendant filed a notice of appeal to the Court of Appeals for the Third Circuit with respect to the same order of which he seeks reconsideration. (ECF Nos. 1107, 1110, 1112.) Unless an appeal is patently frivolous or relates to a nonappealable order or judgment, the filing of a notice of appeal divests the district court of jurisdiction. Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc., 198 F.3d 391, 394 (3d Cir. 1999); United States v. Fattah, No. 14-409, 2015 WL 356937, at *2 (E.D. Pa. Jan. 28, 2015) (citing United States v. Leppo, 634 F.2d 101, 104 (3d Cir. 1980); Venen v. Sweet, 758 F.2d 117, 120-21 (3d Cir. 1985)); United States v. Wilkes, 368 F.Supp.2d 366, 367 (M.D. Pa. 2005); Death Row Prisoners of Pennsylvania v. Ridge, 948 F. Supp. 1282, 1285 (E.D. Pa. 1996) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). For this reason, defendant's motion for reconsideration must be denied.

In response to defendant's request, however, that this court "set forth the reasons" for denying his motion to reduce sentence (ECF Nos. 1109, 1111), the court reproduces the "Additional Comments" section of the Order Regarding Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 1107), which was provided to defendant's counsel, Michael Novara:

> Amendment 782 does not provide a two-level reduction to offense levels established pursuant to U.S.S.G. § 4B1.1. The defendant is ineligible for a reduction because his applicable guideline range was determined by U.S.S.G. § 4B1.1 (the career offender guideline), rather than § 2D1.1.

The record reflects that, although the court granted defendant a substantial variance, his applicable guideline range was calculated pursuant to the career offender guideline. (ECF No. 870 ¶¶ 36, 42; ECF No. 896 ¶¶ 5-6; ECF No. 937 at 9-10.) Defendant was, therefore, ineligible for a sentencing reduction pursuant to Amendment 782 of the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), making the application notes to U.S.S.G. § 1B1.10 with respect to post-sentencing conduct inapplicable. United States v. Cleckley, No. 09-246, 2013 WL 4648321, at *3 (W.D. Pa. Aug. 29, 2013); United States v. McCullough, No. 07-027, 2013 WL 3990892, at *2 (W.D. Pa. Aug. 5, 2012).

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge